UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RUF R. DIAZ,

    Plaintiff,

        v.                                                    No. 3:19-cv-00272 (WIG)

ANDREW M. SAUL,
Commissioner of
Social Security[1],

    Defendant.

                                          X

## RULING ON PENDING MOTIONS

This is an administrative appeal following the denial of the plaintiff, Ruf. R. Diaz's, application for Title II disability insurance benefits ("DIB"). It is brought pursuant to 42 U.S.C. §405(g).[2] Plaintiff now moves for an order reversing the decision of the Commissioner of the

---

[1]     The President nominated Andrew M. Saul to be Commissioner of Social Security; the Senate Confirmed his appointment on June 4, 2019, vote number 133. He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

[2]     Under the Social Security Act, the "Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under [the Act]." 42 U.S.C. §§ 405(b)(1) and 1383(c)(1)(A). The Commissioner's authority to make such findings and decisions is delegated to administrative law judges ("ALJs"). *See* 20 C.F.R. §§ 404.929; 416.1429. Claimants can in turn appeal an ALJ's decision to the Social Security Appeals Council. *See* 20 C.F.R. §§ 404.967; 416.1467. If the appeals council declines review or affirms the ALJ opinion, the claimant may appeal to the United States district court. Section 205(g) of the Social Security Act provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C § 405(g).

Social Security Administration ("the Commissioner"), or in the alternative, an order remanding this case for a rehearing. [Doc. #13]. The Commissioner, in turn, has moved for an order affirming his decision. [Doc. #19]. After careful consideration of the arguments raised by both parties, and thorough review of the administrative record, the Court denies Plaintiff's motion to reverse/remand and grants the Commissioner's motion to affirm.

## **LEGAL STANDARD**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant will meet this definition if his or her impairments are of such severity that the claimant cannot perform pervious work and also cannot, considering the claimant's age, education, and work experience, "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner must follow a sequential evaluation process for assessing disability claims. The five steps of this process are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment which "meets or equals" an impairment listed in Appendix 1 of the regulations (the Listings). If so, and it meets the durational requirements, the Commissioner will consider the claimant disabled, without considering vocational factors such as age, education, and work

experience; (4) if not, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work in the national economy which the claimant can perform. *See* 20 C.F.R. §§ 404.1520; 416.920. The claimant bears the burden of proof on the first four steps, while the Commissioner bears the burden of proof on the final step. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function." *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the district court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. *Id.*; *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to first ascertain whether the Commissioner applied the correct legal principles in reaching his conclusion, and then whether the decision is supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). Therefore, absent legal error, a decision of the Commissioner cannot be set aside if it is supported by substantial evidence. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It must be "more than a scintilla or touch of proof here and there in the record." *Id.* If the Commissioner's decision is supported by substantial evidence, that decision will be sustained,

even where there may also be substantial evidence to support the plaintiff's contrary position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982).

I. **BACKGROUND**

a. **Facts**

Plaintiff filed her DIB application on October 3, 2014, alleging an onset of disability as of May 30, 2010. Her claim was denied at both the initial and reconsideration levels. Thereafter, Plaintiff requested a hearing. On June 1, 2018, a hearing was held before Administrative Law Judge Eskunder Boyd ("the ALJ"). Plaintiff, who was represented by counsel, and a vocational expert ("VE"), testified at the hearing. On June 11, 2018, the ALJ issued a decision denying Plaintiff's claims. Plaintiff timely requested review of the ALJ's decision by the Appeals Council. On December 21, 2018, the Appeals Council denied review, making the ALJ's decision the final determination of the Commissioner. This action followed.

Plaintiff was fifty years old and eleven months on the alleged onset of disability date. (R. 145). She completed vocational school as a secretarial assistant. (R. 107). Plaintiff has past employment as a medical secretary. (R. 31). Plaintiff's complete medical history is set forth in the Statement of Facts filed by the parties. [Doc. ##15; 19-2]. The Court adopts these statements and incorporates them by reference herein.

b. **The ALJ's Decision**

The ALJ followed the sequential evaluation process to determine whether Plaintiff was disabled under the Social Security Act.

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 30, 2010. (R. 27). At Step Two, the ALJ found Plaintiff had the following severe impairments: multilevel cervical degenerative disc disease and L5-S1 herniation. (R. 27). At Step

Three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 29). Next, the ALJ determined Plaintiff retains the following residual functional capacity[3]:

> to perform sedentary work as defined in 20 CFR 404.1567(a) except: requires a sit/stand option wherein she can sit for 30 minutes, alternate to standing position for 5 minutes, then resume sitting; can never climb ladders, ropes, or scaffolds; can occasionally climb stairs and ramps, balance, stoop, crouch, kneel, and crawl; no overhead reaching; can frequently handle/finger; and no work in exposure to cold/wetness.

(R. 29).

At Step Four, the ALJ found that, through the date last insured, Plaintiff was capable of performing her past relevant work as a medical secretary.[4] (R. 31). The ALJ did not proceed to Step Five. Accordingly, the ALJ determined that Plaintiff was not disabled from May 30, 2010, her alleged onset date, through December 31, 2015, her date last insured. (R. 32).

## II.  DISCUSSION

### The Step Four Finding

Plaintiff challenges the ALJ's finding at Step Four of the sequential evaluation that she could perform her past relevant work as a medical secretary as she actually performed it and as it is generally performed. (R. 31-32).

Plaintiff does not challenge the RFC. The hypothetical presented to the VE, which was the assessed RFC, accurately reflected Plaintiff's limitations and capabilities. Thus the only question is whether the VE's opinion constitutes substantial evidence to support the ALJ's decision. The Court concludes that it does.

---

[3] Residual functional capacity ("RFC") is the most a claimant can do in a work setting despite his or her limitations. 20 C.F.R. §§404.1545(a)(1); 416.945(a)(1).
[4] Plaintiff's date last insured was December 31, 2015.

Here, the ALJ relied on the Vocational Expert's ("VE") testimony that Plaintiff could return to her past relevant work, despite the RFC requirement for a sit/stand option. (R. 31). The ALJ found that, pursuant to SSR 00-4p,

> the vocational expert's testimony is not entirely consistent with the information contained in the Dictionary of Occupational Titles. Specifically, the dictionary of occupational titles, does not describe a sit/stand option. However, the undersigned accepts this testimony based upon the vocational expert's professional experience.

(R. 31). Plaintiff contends that the ALJ's finding is reversible error. However, plaintiff has not identified an actual or apparent conflict that would require further inquiry. An ALJ may properly rely on VE testimony to support a Step Four finding, but must explore any apparent conflicts between that testimony and the DOT. *Social Security Ruling ("SSR") 00-4p,* 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000).

The record is clear that the VE was well-aware of the sit/stand limitation and the VE affirmed that his testimony was consistent with the DOT. (R. 123, 125).

> Where, as here, the Dictionary of Occupational Titles ("DOT"), does not address the availability of a sit/stand option, it "cannot contradict the vocational expert's testimony which endorsed such an opinion." *Pahl v. Colvin*, No. 12-CV-316, 2013 WL 3761545, at * 6 (W.D.N.Y. July 16, 2013); *See Moslow v. Berryhill*, 16-CV-198, 2019 WL 1508045, at *5 (W.D.N.Y. Apr. 4, 2019) ("Courts in this district have repeatedly found that when the DOT is silent on an issue, no actual conflict exists between the VE testimony and the DOT.").

Gusch v. Comm'r of Soc. Sec., No. 18-CV-0346SR, 2019 WL 4140940, at *4 (W.D.N.Y. Aug. 30, 2019). "[I]t is not error for the ALJ to rely on the VE's testimony of a sit/stand option so long as there is no actual conflict between the VE testimony and the Dictionary of Occupational Titles ("DOT")." Pahl, 2013 WL 3761545, at *6. There is no such conflict here. "Because the DOT does not address the availability of a sit/stand option, it cannot contradict the vocational expert's testimony which endorsed such an option." Wellington v. Astrue, No. 12 CIV. 3523 KBF, 2013 WL 1944472, at *4 (S.D.N.Y. May 9, 2013) (citing cases).

Plaintiff does not argue that the Medical Secretary job, as she performed it, is inconsistent with a sit/stand option. Nor does she assert that the DOT's description of the Medical Secretary job is inconsistent with a sit/stand option, especially one in which an individual would sit for 30 minutes, stand for five minutes, and then resume sitting.[5] (R. 123). "The regulations do not mandate the presumption that all sedentary jobs in the United States require the worker to sit without moving for six hours, trapped like a seat-belted passenger in the center seat on a transcontinental flight." Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004).

"The inquiry in Social Security benefits cases is not whether a claimant is able to perform the duties of her previous job, but whether the claimant is able to perform the duties associated with her previous "type" of work." Halloran, 362 F.3d at 33 (citing *Jock v. Harris*, 651 F.2d 133, 135, (2d Cir. 1981)). The ALJ properly relied on the VE's uncontradicted expert opinion that Plaintiff could perform the occupation of Medical Secretary with a sit/stand option based on the VE's professional experience. (Tr. 31); *McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) (noting that "a vocational expert is not required to identify with specificity the figures or sources supporting his conclusion, at least where he identified the sources generally" and concluding that "the vocational expert was not required to articulate a more specific basis for his opinion, and the ALJ reasonably credited this testimony, which was given on the basis of the expert's

---

[5] A Medical Secretary, as defined by the DOT,

> [p]erforms secretarial duties, utilizing knowledge of medical terminology and hospital, clinic, or laboratory procedures: Takes dictation in shorthand or using dictaphone. Compiles and records medical charts, reports, and correspondence, using typewriter or word processor. Answers telephone, schedules appointments, and greets and directs visitors. Maintains files.

DOT 201.362-014 Medical Secretary, 1991 WL 671668 (4th ed. 1991*); SSR 00-4p, 2000 WL 1898704, at *2 ("Evidence from VEs or VSs can include information not listed in the DOT.").

professional experience and clinical judgment, and which was not undermined by any evidence in the record") (citing *Brault v. Social Sec. Admin,* 683 F.3d 443, 450 (2d Cir. 2012)). "Because the DOT does not address the availability of a sit/stand option, the silence is not contradicted by the vocational expert's testimony which endorsed such an option." Barone v. Colvin, No. 15-CV-2051 (KBF), 2016 WL 4126544, at *12 (S.D.N.Y. Aug. 2, 2016) (citing cases).

This case is distinguishable from *Lockwood v. Comm'r*, 914 F3d 87, 92 (2d Cir. 2019) , a case relied on by Plaintiff to support her claim of error. In *Lockwood*, the Court found that there was an apparent/obvious conflict where the DOT's descriptions of three representative occupations specified a "reaching" requirement, the hypothetical posed to the VE included a limitation of no overhead reaching, and the VE's testimony did not address this conflict. *Id.* at 92. The occupational descriptions in the DOT directly conflicted with the VE's testimony because the DOT specified that the representative jobs at issue required reaching.

Here, there is no apparent or obvious conflict between the testimony of the VE and the DOT. Although, the DOT occupational description does not describe a sit/stand option the ALJ specifically addressed this issue with the VE. (R. 125). "Such an inquiry is not required under *Lockwood*, and the Plaintiff cites no authority stating otherwise." Richardson v. Berryhill, No. 3:18-CV-00448 (KAD), 2019 WL 4764834, at *8 (D. Conn. Sept. 30, 2019). Nevertheless, it is apparent from the hearing transcript that the vocational expert knew and understood that the ALJ's hypotheticals included a sit/stand option. *See* (R. 123-25). Accordingly, the Court finds that the ALJ reliance on the VE's testimony was both legally proper and supported by substantial evidence.

## III. CONCLUSION

In all, when the Court applies, as it must, the substantial evidence standard, it is required to affirm the decision of the Commissioner in this case. "Even where the administrative record

8

may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46,49 (2d Cir. 2010) (internal quotations marks omitted). This means that when the medical evidence "is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre*, 758 F.3d at 149.

Therefore, after a thorough review of the record and consideration of all arguments Plaintiff has raised, the Court finds that the ALJ did not commit legal error and that his opinion is supported by substantial evidence. Accordingly, plaintiff's Motion to Reverse the Decision of the Commissioner or in the Alternative Motion for Remand for a Hearing **[Doc. #13]** is **DENIED**. Defendant's Motion for an Order Affirming the Commissioner's Decision **[Doc. #19]** is **GRANTED**.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. §636(c)(3); Fed. R. Civ. P. 73(c). The Clerk is directed to enter judgment in favor of the defendant and close this case.

SO ORDERED, this 30th day of October, 2019, at Bridgeport, Connecticut.

 */s/ William I. Garfinkel*
 WILLIAM I. GARFINKEL
 United States Magistrate Judge