UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RUF R. DIAZ,

    Plaintiff,

       v.                                                      No. 3:19-cv-00272 (WIG)

ANDREW M. SAUL,
Commissioner of
Social Security[1],

    Defendant.

_____X

## **RULING ON MOTION TO ALTER OR AMEND JUDGMENT**

On October 30, 2019, the Court affirmed the Commissioner's decision denying Disability Insurance Benefits. [Doc. #23]. Before the Court is Plaintiff Motion to Alter or Amend Judgment arguing, among other things, that the Court "committed a clear error of law by ignoring the clear mandate set forth in *Lockwood v. Comm'r of Social Security Admin.*, 914 F.3d 87, 92 (2d Cir. 2019)." [Doc. #25]. For the reasons that follow, Plaintiff's motion is **DENIED.**

Although Rule 59(e) does not prescribe specific grounds for granting a motion to alter or amend an otherwise final judgment, we agree with our sister circuits that district courts may alter or amend judgment "to correct a clear error of law or prevent manifest injustice." <u>Munafo v. Metro. Transp. Auth.</u>, 381 F.3d 99, 105 (2d Cir. 2004) (citations and internal quotation marks

---

[1]     The President nominated Andrew M. Saul to be Commissioner of Social Security; the Senate Confirmed his appointment on June 4, 2019, <u>vote number</u> 133. He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Davids v. Novartis Pharm. Corp.*, 977 F. Supp. 2d 171, 185 (E.D.N.Y. 2013) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ); *see Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (same). "Courts have recognized three major grounds justifying reconsideration pursuant to Rule 59(e): 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id. (quoting Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992) (citations and internal quotation marks omitted)).

"Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quotation marks and citation omitted). "A motion that merely repeats its previous position and asserts the Court was in error is not the proper basis for the grant of a motion for reargument." Guyer v. Lehman, No. CIV. A. 90-6204, 1990 WL 162095, at *1 (E.D. Pa. Oct. 23, 1990) (citing *New York Guardian Mortgage Corp. v. Cleland,* 473 F. Supp. 409, 420 (S.D.N.Y. 1979))."A district court's denial of a party's motion to alter or amend judgment under Rule 59(e) is ... reviewed for an abuse of discretion." *Munafo*, 381 F.3d at 105.

Here, Plaintiff has not demonstrated that there has been a change in controlling, law, or new evidence, or that there was a clear error of law that would result in manifest injustice. Nor, has Plaintiff shown that the Court overlooked relevant caselaw. Rather, Plaintiff merely restates her original arguments and cites the same caselaw previously considered by the Court.

Disagreement with the Court's findings is not a basis for a Rule 59(e) motion. The Court has carefully reviewed its decision, Plaintiff's Motion to Alter and Amend and the arguments and cases cited therein and adheres to its ruling denying Disability Insurance Benefits. Plaintiff's argument provides no new grounds for the Court to alter or amend its prior ruling pursuant to Fed. R. Civ. P. 59(e).

**CONCLUSION**

Accordingly, Plaintiff's Motion to Alter or Amend Judgment **[Doc. #25]** is **DENIED**.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. §636(c)(3); Fed. R. Civ. P. 73(c).

SO ORDERED, this 20th day of December, 2019, at Bridgeport, Connecticut.

 */s/ William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge